AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

**V.**

MICHAEL KELLER

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number:  09-30282

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a    ☐ federal offense    ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -   that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in

_____.*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the    ☐ date of conviction    ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.

    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☑ clear and convincing evidence   ☐ a preponderance of the evidence  that

This is a presumption case.  Defendant is charged by complaint with using interstate commerce facilities in the commission of attempted murder for hire.  This case will be indicted next week.

CONTINUE ON PAGE 2.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 2, 2009 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |

MONA K. MAJOZUB - UNITED STATES MAGISTRATE JUDGE

*Name and Title of Judge*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is 44 years old and is unemployed; he has lived in the district for most of his life and has family ties and a girlfriend here.  He smokes marijuana regularly (three times a week since the age of 14, according to his statement to the pretrial services officer).  He reported that he receives SSI benefits due to a learning disability, but he takes no medication and has no mental health issues that he (or his girlfriend) knows of.

The defendant's criminal history includes convictions for several misdemeanors (solicitation, possession of marijuana, domestic violence and driving with a suspended license) and two felonies (attempted felony breaking and entering with intent, and possession of cocaine).  Defendant has two outstanding warrants.

At the detention hearing, the government proceeded by proffer, after its motion to proceed by proffer and Defendant's motion to preclude offer of proof by proffer were filed, briefed, argued and decided. The government proffered its version of the facts regarding the case.  Those facts included the sale by Defendant to the agent of seven loaded firearms, a live grenade, and six drug transactions (heroin, marijuana, cocaine powder and crack cocaine).  Keller told the agent that he was a career hit man and that what he does is "laying niggas down" and that he "gets up close" to do it.  Keller advised the agent that he could do a kill for him, and that he uses a 45 caliber pistol with a 45 round magazine.  Keller was told that the witness lived in Toledo, and then negotiated with the agent to have the witness brought up to Detroit because he knew the area here better than he knew Toledo.  Keller told the agent that he would do the kill for $9000 and would require $1000 up front money.  Keller was given a picture of the proposed victim and a map to the agreed upon Travel Inn Hotel on Telegraph Road where the murder was to take place.  Instead of the originally agreed upon $1000 up front money, Keller accepted $800 and a carton of cigarettes.

A tape depicting the defendant engaged in taking money from the government agent in exchange for his agreement to murder a grand jury witness was then proffered.  Keller is arrested immediately after he takes the money.

Defendant argues that there was no intent to go forward with the murder, that the Defendant merely intended to rip off the agent for the money and the cigarettes.  Defendant argues that he is not a danger to anyone and is no risk of flight.

In making its determination the court must consider several factors, including the seriousness of the offense.  A charge of attempted murder for hire is a gravely serious charge.  The government proffered the complaint which outlines in detail the facts alleged in this matter.  In addition to the facts pled in the complaint, the indictment will, according to the government, also include 7 counts for felon in possession of firearms, seven counts for felon unlawfully dealing in firearms, one count of unlawfully dealing a grenade, and six counts of unlawful drugs.

USA v MICHAEL KELLER    09-30282                                        PAGE 2

The weight of the evidence is also a consideration and this court determines that the complaint and the video shown in the court satisfy the court that there is significant evidence of the alleged crime.

Defendant's criminal history includes several acts of violence, CSC 1st degree with a weapon, attempted B & E, and domestic violence.  His conviction for felony crack cocaine is also considered.  Defendant has two outstanding warrants which argue in favor his failure to appear.

Defendant  clearly has access to firearms and he has confessed to being a killer for hire.  He is a self described career hit man with a criminal past.  Defendant argues that he was in fact just set up and that he is not a danger to the community nor a risk of flight.  This court has considered the proffers of both the government and the defendant, and has accorded them both their proper weight.   The Court finds that there is clear and convincing evidence that this defendant is a danger to the community, that the defendant has not overcome the rebuttable presumption of detention, and that there are no conditions  or combination of conditions that would assure the safety of the community should he be released.   Therefore detention is ordered.